■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BRYANT, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 10, 1976, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. On July 26, 1974, at or about 8:20 P.M., defendant entered a bar located at 2042 Fulton Street, Brooklyn, where he found the complainant (the bar owner) alone. According to the complainant, the defendant first requested a beer and then displayed what appeared to be a gun and ordered the bar owner to empty the cash register. Defendant took the money and fled, but the owner (a retired police officer) was able to fire several shots at him in the process, apparently striking the defendant at least once. A detective arrived on the scene shortly thereafter, took the complainant's statement (including a description of the robber), found a substance resembling blood in the bar and on the street outside, and then proceeded to inquire whether any gunshot wounds were currently being treated at the local hospitals. Within about an hour and a half after the robbery, the defendant was identified by the bar owner at Brookdale Hospital where the former was being treated for a gunshot wound in the cheek. The complainant testified to most of the foregoing facts at a preliminary hearing in the Criminal Court, at which time he again identified the defendant as the man who had robbed him. Prior to trial, however, the bar owner died from causes unrelated to the robbery; after which it was determined, on motion, that his preliminary hearing testimony would be admissible in evidence pursuant to CPL 670.10, except to the extent that it related to his identification of the defendant at Brookdale Hospital. That testimony was excluded due to the lack of cross-examination on the issue at the preliminary hearing. At the trial, it was stipulated that the bullet removed from defendant's cheek had been fired from the complainant's gun and that the bar owner was a retired police officer. The deceased's former testimony was read to the jury and a detective was permitted to testify, over objection, to the previously excluded hospital identification of the defendant by the decedent. Assuming, *arguendo,* that the court erred in permitting the detective to testify as stated above, the evidence remaining in the case overwhelmingly established the defendant's guilt of the crime charged. It included the complainant's identification of the defendant at the preliminary hearing, as well as his testimony at the same hearing that the defendant had displayed what appeared to be a gun during the course of the robbery. All of this testimony was properly admitted pursuant to CPL 670.10. Under these circumstances, there is no significant probability that the exclusion of the detective's identification evidence would have altered the jury's verdict (see *People v*

*Crimmins,* 36 NY2d 230). Titone, J. P., Suozzi, Gulotta and Martuscello, JJ., concur.